ASBURY PARK ET AL., DEFENDANTS IN CERTIORARI, v.
THOMAS LAYTON, PROSECUTOR IN CERTIORARI.

Submitted March 23, 1903—Decided June 8, 1903.

In summary proceedings the record of conviction must show with precision of what offence the accused was convicted.

On *certiorari* to review conviction.

Before Justices DIXON, GARRISON and SWAYZE.

For the prosecutor, *Ruliff V. Lawrence.*

For the defendants, *John H. Hawkins.*

The opinion of the court was delivered by

DIXON, J.   On a complaint made before the police justice of Asbury Park, that the defendant engaged in the business of carrying passengers for hire with a stage drawn by two horses within the limits of Asbury Park without having first obtained a license for that purpose, in violation of section 1 of a certain ordinance set out in the complaint, the police justice "adjudged the defendant guilty of the violation of section 1, subdivision H, of the said ordinance," and thereupon gave judgment that the defendant forfeit and pay to the city of Asbury Park the sum of $15 penalty for said violation.

An examination of the ordinance as set out in the complaint shows that section 1, subdivision H, of the ordinance could be violated otherwise than by engaging in the business of carrying passengers for hire with a stage drawn by two horses without a license, and consequently the adjudication of the justice fails to show that the defendant was found guilty of the specific charge made against him.   The proceedings before the police justice were summary, and hence

the record of conviction, to be legal, must show with precision of what offence the defendant was convicted. *Keeler* v. *Milledge, 4 Zab.* 142; *Hoeberg* v. *Newton, 20 Vroom* 617. The conviction is set aside, with costs.

In the case of Asbury Park *v.* Josiah W. Mariner, the complaint and conviction are in the same form as in Layton's case above, and for the same reason the conviction must be set aside, with costs.